THE STATE, THE NEW YORK AND GREENWOOD LAKE RAILWAY COMPANY, PROSECUTOR, v. THE BOARD OF TOWNSHIP COMMITTEE OF THE TOWNSHIP OF KEARNEY.

The provisions of the fifth section of an act of the legislature of this state entitled "An act to authorize the improvement of public roads and streets in townships," approved June 20th, 1890 (*Pamph. L., p.* 497), in so far as it provides a principle for the assessment of the cost and expense of any improvement of the roads and streets provided for by the act, is unconstitutional.

*Certiorari* to remove assessment.

Argued at February Term, 1893, before Justices DEPUE and LIPPINCOTT.

For the prosecutor, *Cortlandt Parker.*

For the defendant, *Edward Kenny.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ removes into this court the assessment laid on the lands of prosecutor for grading, curbing, guttering and flagging Midland avenue and North Midland avenue, in the township of Kearney, in the county of Hudson, amounting to the sum of $864.68, and the ordinance directing the work and all proceedings relating thereto.

The whole amount of the assessment is $16,327.62. This whole sum was assessed on the lands of the prosecutor and others fronting upon said improvement.

Plot C, belonging to the prosecutor, is assessed for benefits the sum of $431.20.

Plot D, belonging to the prosecutor, is assessed for benefits the sum of $433.39, making a total assessment against the prosecutor of $864.59.

Upon the reasons filed by the prosecutor there seemed to be

two points of objection to this assessment—*first*, that the assessment is entirely arbitrary and laid according to the frontage of the lands fronting the improvement; and, *secondly*, that the improvement and assessment were made under an act entitled "An act to authorize the improvement of public roads and streets in townships," approved June 20th, 1890 (*Pamph. L., p.* 497), and that this act is unconstitutional in this, that it orders the assessment to be made not upon lands peculiarly benefited, but according to frontage and adjacency.

The reply of the defendant to the first reason is that the assessment, whilst made upon the frontage on the improvement entirely, yet it is made according to peculiar benefits bestowed thereon and not. in excess of benefits received, and that the improvement and assessment were made under and in compliance with the provisions of the township charter of the township of Kearney, and the supplements thereto and the laws of the state.    *Pamph. L.* 1871, *p.* 1371 ; 1875, *p.* 186 ; 1890, *p.* 497.

It is, therefore, in the first place, important to determine under what laws this improvement was made and completed, and under what statutes the assessment was made.

The act of 1871, which is the charter of the township of Kearney, is entitled "An act for the improvement of the township of Kearney, in the county of Hudson, and to increase the powers of the township committee in said township," approved April 6th, 1871.

The forty-first section of the act of 1871 provides for the appointment of three persons as commissioners of assessments for street improvements, who shall hold office for one year, and shall take and subscribe an oath, according to the first section of the act, to faithfully, fully and impartially execute the duties of their office according to the best of their knowledge, skill and ability.

The forty-third section of the act of 1871 provides that it shall be lawful for the board of township committee by ordinance to grade, pave, curb, gutter, flag, &c., any street, &c., on application in writing merely ; that the application shall be

referred to the commissioners of assessment, who shall examine the whole matter and cause a survey and preliminary map to be made of said improvement, distinguishing each lot and parcel, &c., and shall estimate the costs, &c., and shall assess such estimated costs upon the lands and real estate benefited in proportion to benefit received, &c., and then provides for the filing of map, giving notice for objections, &c.

The forty-fourth section provides that unless within twenty days after the filing of the report, as in the forty-third section provided, the owners of a majority of the lands in lineal feet to be assessed for such improvement shall file with the clerk of said township a remonstrance signed by them or their agents, said board of township committee shall proceed forthwith to execute and carry out said improvement, &c.

Now, I think it is quite clear that the application for these improvements was made under these sections of this act.

The application was made under the forty-first section of this act above referred to; not under the act of 1890. The advertisement was also made under this same section. The ordinance was referred to the commissioners of assessment appointed by virtue of the said forty-first section of the act, who performed their preliminary duties under that section, and made the survey and preliminary map in accordance therewith, and such survey and map were filed with the clerk of the township, in accordance with the provisions of this section.

This survey and map were made by Robert Mitchel, Richard Westlake, Jr., and Charles R. Ellis, commissioners of assessment appointed under the forty-first section of the act of 1871.

Due advertisement was made of the filing, and all the other requirements of this section were apparently complied with. All these proceedings were taken under the provisions of the township charter. The notice of the township clerk of the filing of the preliminary survey and map was given February 28th, 1891.

It apparently was at this time that the statute of 1890 was either discovered or for the first time acted upon. From this time on the conduct of the improvement appears to have been under the act of 1890.

On March 13th, 1891, the advertisement for sealed proposals for the work was published. It appears to have been published under the second section of the act of 1890. The contract for.the work appears to have been made in accordance with the provisions of the act of 1890.

As the work progressed certificates of indebtedness appear to have been issued in payment for the work, in accordance with the seventh section of the act of 1890. There appears to have been no further action of the commissioners of assessment above named, appointed generally for all street improvements under the forty-first section of the act.

It will be remembered that this forty-first section of the act of 1871 provided for the appointment, generally, of the three persons, to be called commissioners of assessment for street improvements. Their oath of office is prescribed by the second section of the act of 1871 to be taken before some one authorized to administer an oath, "faithfully, fairly and impartially to execute the duties of his office according to the best of his knowledge and ability."

It does appear that the commissioners above named, as appointed under the act of 1871, did act as such commissioners in the making of the preliminary map and survey. After that it does not appear that they ever acted, and, as their terms of office were only for one year, it does not appear that any election or appointment of their successors was ever had under the forty-first section of the charter, and, as a matter of fact, as we have before us all the proceedings, all the acts of the township committee during this period, it does appear that there were no other commissioners of assessment ever appointed in accordance with the act of 1871.

The next action taken by the board of township committee in reference to this matter was by the passage of the following resolution, on May 17th, 1892:

."WHEREAS, The grading, curbing, guttering and flagging of Midland avenue and North Midland avenue, as provided for in the ordinance entitled 'An ordinance to provide for the grading, curbing, guttering and flagging of Midland avenue and North Midland avenue,' passed November 25th, 1890, having been completed in accordance with the plans and specifications and ordinance and contract therefor, and the work having been examined and found to be satisfactory, and the property owners having been notified to bring in any objections they might have to the acceptance of the work, and such objections having been considered and acted upon by this board; therefore, be it

"*Resolved,* That Charles Smith, Jeptha Zelliff and John Hoimack be and they are hereby appointed commissioners to make an assessment of the benefits received by any land and real estate by or on account of the grading, curbing, guttering and flagging of Midland avenue and North Midland avenue."

This resolution was in accordance with section 5 of the act of 1890. *Pamph. L., p.* 500, § 5.

This section of the act of 1890 prescribed the oath of office.

The commissioners, upon their appointment, in accordance with the provisions of the act of 1890, took and subscribed the following oath :

" Hudson county, State of New Jersey, *ss.*—Whereas Charles Smith, Jeptha Zelliff and John Hoimack were, on the 17th day of May, 1892, *duly appointed, by resolution, by the board of township committee of the township of Kearney, as commissioners to make an assessment of the benefits conferred on any lands and real estate by reason of the grading, curbing, guttering and flagging of Midland avenue, in the township of Kearney,* now, the said Charles Smith, Jeptha Zelliff and John Hoimack, being duly sworn according to law, on oath saith, that they are not interested in the aforesaid improvement, and do not, nor does either of them, own any property along the

line thereof; that they are freeholders resident in the township of Kearney, and that they will faithfully execute the duties devolving upon them as commissioners as aforesaid.

> " CHARLES SMITH,
> " JEPTHA ZELLIFF,
> " JOHN HOIMACK.

" Subscribed and sworn before me this 24th day of May, 1892.

> " WILLIAM SMITH,
> "*Township Clerk.*"

On the 25th day of July, 1892, these commissioners formally signed their report of assessment, dated that day, and on the 26th day of July, 1892, the clerk of the township gave notice of the filing of this assessment, that is, the assessment in question, and of the time and place of the meeting of the commissioners to hear any objections thereto, filed in writing, under the first section of the act of 1890.

On August 23d, 1892, the assessment was confirmed by the board of township committee and in accordance with the fifth section of the act of 1890 was referred to the township collector for collection.

It will thus be seen that after the work was commenced all proceedings were taken under the act of 1890. The commissioners were appointed under that act. Their oath was in accordance with that act, and in their report of their assessment they certify that their assessment was made "in accordance with the township charter, the supplement thereto and *the laws of the state.*" And their own appointment and oath and the proceedings of the board of township committee clearly indicate that they were at least to a certain extent governed by the provisions of the act of 1890.

It is true that in this report of the assessment they certify that they have assessed "all the owners of all the lands and real estate peculiarly benefited by the said improvement, as hereinafter particularly set forth, in proportion, as nearly as

may be, to the advantage each was deemed by us to have acquired. And we do further certify and report that we have limited the said several assessments so made as aforesaid, and more particularly hereinafter referred to, upon all the owners of all the lands and real estate peculiarly benefited as aforesaid to the amounts of the actual benefits conferred on said owners of said lands and real estate by said improvement, and that no others than the owners of said lands and real estate so assessed as aforesaid are peculiarly benefited by the said improvement."

But this certificate does not relieve them from the operation of the principles of assessment provided in the fifth section of the act of 1890, and which they by this very report of assessment certify they regarded, and which provides for the assessment of the cost and expense upon the real estate fronting and adjacent to said improvement.

This report of assessment certifies that the whole expense has been assessed in accordance with the township charter, the supplement thereto and the *laws of the state.*

It is also difficult to avoid the conclusion that this assessment was an arbitrary one, and laid only according to frontage. The whole expense of this improvement is laid upon the frontage of this street, without much regard to size, shape or depth of the parcels of land, and without much regard to the situation, location and other circumstances.

The ratio of assessment appears to be about the same per foot of frontage along the whole line of the street, that is, about $2.28 per lineal foot, and the conclusion arrived at here is, that whilst the assessment purports to be according to benefits on the face of the report, still it is arbitrarily laid according to frontage, in accordance with the principles of assessment contained in the act of 1890.

The assessment, therefore, was made by the commissioners having regard, in relation to the laying of the assessment, to the principles of assessment as prescribed in the act of 1890. This is conceded in the brief of counsel for the defendants.

It was concluded that it would be safer to have regard to the act of 1890 with the other laws.

Now, the prosecutor attacks the constitutionality of this act in so far as the point of assessment is concerned.

In this respect it is difficult to ascertain upon what ground the conclusion that it is unconstitutional can be avoided.

The statute of 1890 thus attacked (*Pamph. L., p.* 500, § 5) provides that these commissioners shall be appointed by resolution or ordinance of the township committee, and shall take affidavit to act impartially, &c., and proceed to execute the duties of their office and report to the township committee " what real estate fronting upon and adjacent to said improvement ought to be assessed, and what proportion of the expense shall be assessed to each parcel or lot of land, and they shall accompany said report with a map containing each lot assessed and the name of the owners thereof as far as the same are known."

This is the final assessment, which is to be filed and, after objections are heard, confirmed. In this statute there is no authority for any other assessment upon any other principle than that stated.

It will be noticed that this assessment is not directed to be laid " in proportion to benefit received," so as not only to create a ratio of assessment but a limitation also, and by implication limit the assessment to the amount of benefits, as in the case of *Village of Passaic* v. *Delaware, Lackawanna and Western R. R. Co.,* 8 *Vroom* 538.

There is in this act no words of limitation of the assessment to the lands benefited, and no words of limitation of the amount of the assessment to each particular lot or plot to benefit received.

Nor does this statute prescribe that the lots fronting on the improvement shall be assessed so much as they shall have been benefited by this improvement, as in the case of *Society, &c.,* v. *Paterson,* 13 *Vroom* 615.

Nor is this an assessment for laying a gutter as security to

the sidewalk, as in the case of *Robins* v. *New Brunswick*, 15 *Vroom* 116.

Nor is it for the flagging and curbing of sidewalks, as in the case of *Kirkpatrick* v. *Commissioners*, 13 *Vroom* 512.

Nor is it for sidewalks only, and therefore within the principle laid down as to sidewalks in the case of *State, Sigler,* v. *Fuller,* 5 *Vroom* 227.

Here the assessment is for grading, curbing, guttering and flagging, and there is no division of the expenses. They are all computed into one sum of cost and expense and assessed upon the frontage.

The statute under which it is concluded that this assessment was laid provides no principle of benefits received, or other principle upon which the assessment was to be laid. It was left to the commissioners to arbitrarily determine what should be assessed upon the frontage, and they under the act assessed the whole cost upon the frontage.

This statute declares that so much of the assessment as ought to be shall be assessed upon the lots fronting on the street, and not to the extent to which such property was exceptionally benefited. It is upon this latter ground alone that the statute and the assessment could be sustained.

The standard adopted by the statute is that of frontage in the discretion of the commissioners.

The doctrine that the standard to be fixed by statutory enactment must be that the assessment can only be laid upon the principle of exceptional benefits, and not in excess thereof, has been so frequently established in our own reports of decided cases that a further discussion of the subject here by the court appears to be useless. *Agens* v. *Newark,* 8 *Vroom* 417 ; *Kirkpatrick* v. *Commissioners,* 13 *Id.* 510 ; *Righter* v. *Newark,* 16 *Id.* 104 ; *Culver* v. *Jersey City, Id.* 256 ; *Reynolds* v. *Paterson,* 19 *Id.* 435.

The conclusion reached is that the provisions of the fifth section of the act of 1890, in so far as it provides a principle for an assessment for the cost and expense of the improve-

ment of the roads or streets provided for by the act, is unconstitutional.

This assessment being made in accordance with the provisions of this section is illegal and should be set aside.

It is charged here that the writ should be dismissed because of the laches of the prosecutor; that under the act of 1890 the writ must be sued out to set aside an assessment within thirty days after the confirmation thereof; that the assessment in question was confirmed August 23d, 1892, and the writ was not sued out until November 5th, 1892.

The fifty-ninth section of the charter of the township (*Pamph. L.* 1871, *p.* 1374) is to the same effect, except that three months instead of thirty days is the time provided in which the writ of *certiorari* shall be sued out.

It is sufficient to say that laches in suing out a writ of *certiorari* to review an assessment within statutory limitation will not bar a review of an assessment laid under an unconstitutional statute. *Kirkpatrick* v. *Commissioners of New Brunswick*, 13 *Vroom* 510.

The assessment against the prosecutor must be set aside.