THE STATE, THE MAYOR AND COUNCIL OF THE CITY OF NEWARK, PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF VERONA, IN THE COUNTY OF ESSEX, ET AL.

A street improvement having been made, and the assessments of the cost and expense thereof imposed upon certain lands, under and according to the provisions of a statute adjudged to be unconstitutional, the court will not proceed further to examine and determine any other objections arising to the proceedings, but will set the assessment aside for that reason.

On *certiorari*.

Argued at November Term, 1895, before Justices GARRI-SON and LIPPINCOTT.

For the prosecutors, *Sherrerd Depue.*

For the defendants, *Alfred S. Badgley.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ brings up for review an assessment for special benefits on the lands of the mayor and common council of the city of Newark, for the opening and grading of Fairview, in the township of Verona, in the county of Essex.

The lands upon which the assessment was imposed were purchased by the mayor and common council of the city of Newark for municipal purposes, and are held and used for the conducting of the "Newark City Home." This institution was established under the name of the "Newark Reform School," by a supplement to the city charter of the city of Newark, approved March 17th, 1870. *Pamph. L., p.* 242. The purpose of this school, as prescribed by this supplement, was "the reformation of boys under the age of sixteen years, who might be committed to it, as provided in the act, and as near as might be in conformity with certain provisions of the act entitled 'An act to establish and organize the state reform school for juvenile offenders.'" *Rev., p.* 948.

By a supplement to the act of March 17th, 1870, approved April 4th, 1873 (*Pamph. L., p.* 295), it was provided "that the reform school for boys provided for in the act to which this is a supplement, may be located and established at any place outside the limits of the city of Newark, provided it be within the county of Essex."

By a further supplement to the original act, approved March 27th, 1874 (*Pamph. L., p.* 304), it was provided that

this reform school should be known as " The Newark City Home."

In accordance with these legislative enactments the lands for this public institution were located, by the mayor and council of the city of Newark, in the township of Verona, in the county of Essex, upon lands purchased by the city for that purpose. These lands and the buildings thereon are used exclusively by the municipality of Newark for the purposes of this school. This institution is one of the necessary governmental instruments of the city of Newark.

It is upon these lands that this assessment for special benefits has been imposed.

Several irregularities have been urged against the validity of this assessment.

Treating this property as municipal property used exclusively for governmental purposes, the main question argued has been whether it can be subjected to an assessment for a local improvement of this character.

These questions cannot be determined upon this proceeding. The improvement and the assessment, as shown by the return and the proceedings, were made by virtue of and in accordance with an act entitled "An act to authorize the improvement of public roads and streets in townships," approved June 20th, 1890. *Pamph. L., p.* 487.

The fifth section of this act provides that the assessment for benefits shall be made upon the " real estate fronting upon and adjacent to said improvement." This section provides the principle upon which the assessment shall be made. Without this section no standard of assessment has been fixed by the statute, and the standard or principle thus fixed is violative of the fundamental principle upon which such assessment must be imposed. This section is the life of this act, for without it, primarily, no assessment whatever can be made for an improvement originated and completed in accordance with its provisions, whatever may be said of the right to make an assessment or a reassessment under some other act of the legislature.

This act of 1890, in so far as it provided a principle for the assessment of the cost and expense of any improvement of any roads or streets provided for by the act, is unconstitutional and so adjudged in the case of *New York and Greenwood Lake Railway Co.* v. *Kearney*, 26 *Vroom* 463.

Therefore, the court will not proceed to consider or determine any of the other questions raised in the case.

The statute under which this improvement and assessment were made having been determined by this court to be unconstitutional, the assessment must be set aside.